**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4069

TAVARES KEITH FINCHAM,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CR-97-308)

Submitted: September 15, 1998

Decided: October 14, 1998

Before ERVIN, WILKINS, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Charles Warren Kramer, CARTER & KRAMER, P.C., Alexandria,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, John
C. Filippini, Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

A jury convicted Tavares Keith Fincham of conspiracy to distribute fifty grams or more of crack cocaine (Count I), and distribution of five grams of cocaine or more (Count IV), in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). The district court sentenced Fincham to concurrent sentences of 121 months imprisonment plus five years supervised release on Count I and sixty months imprisonment plus four years supervised release on Count IV. He timely appealed. Finding no error, we affirm.

Fincham was charged with distributing crack cocaine on February 6, March 6, and March 20, 1997. The February 6 count was dismissed at the Government's request,* and the jury acquitted Fincham of the charge based on the March 6 transaction. The primary witness against Fincham was Jorge Rolando, the co-defendant to whom Fincham supplied the drugs. Rolando was also charged with several drug violations, and he pleaded guilty.

At trial, Rolando testified that he had been mistaken about the identity of his supplier for the February 6 transaction; however, he reasserted that Fincham had supplied him with the crack cocaine on March 6 and 20. On cross-examination, Fincham's counsel attempted to impeach Rolando's credibility by showing that he could not remember specific dates, times, and details and that he lied when he stated that Fincham supplied the drugs to him. On redirect examination, counsel for the Government questioned Rolando about his mistaken identification regarding the February 6 transaction. The following exchange occurred:

_____

*The primary witness, Jorge Rolando, originally told detectives that Fincham sold him drugs on three separate occasions. Sometime before trial, however, he stated that he had been mistaken about the February 6 transaction and identified another person as his supplier on that day. Accordingly, the Government moved to dismiss the February 6 count against Fincham.

Q. Do you recall meeting with the defendant on February 6?

A. Yes.

Q. And do you recall--Did you recall why you-- What happened when you met with him?

A. Yeah. Since he didn't have the drugs, he want me to steal a four-wheeler.

(J.A. 182-83). Fincham's counsel objected on the grounds that the answer was not responsive to the question, outside the scope of re-direct examination, and irrelevant. The Government responded that defense counsel had "opened the door as to why[Rolando] has sud-denly recalled something differently." The court overruled the objec-tion and the Government continued:

Q. What happened when you met him on February 6?

A. He didn't have the drugs. And he told me he want me to steal a four-wheeler which belong to a dead guy now, Joe Veris. And he say if I steal it, he was going to give me $500. And also he told me he needs some people to steal motorcycles from warehouse that day.

(J.A. 183). Fincham's counsel did not renew his objection. The testi-mony was not mentioned again during the trial, and Fincham's coun-sel did not request a jury instruction about it.

On appeal, Fincham contends that the district court erroneously permitted the Government to introduce this allegedly irrelevant testi-mony to show Fincham's bad character in violation of Fed. R. Evid. 403, 404(b). We review a district court's evidentiary rulings for an abuse of discretion. See United States v. Sanchez, 118 F.3d 192, 195 (4th Cir. 1997).

Fincham objected to Rolando's testimony on relevancy grounds and thereby properly preserved this issue for appeal. Evidence is rele-

3

vant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. By attacking Rolando's credibility concerning the February 6 misidentification, Fincham's counsel opened the door to the prosecution's line of questioning, which was designed to rehabilitate Rolando's credibility by establishing why he originally thought Fincham had supplied the drugs to him on February 6. Thus, the testimony had some relevance. Accordingly, we find that the district court did not abuse its discretion in finding that the testimony was relevant. See Sanchez, 118 F.3d at 195.

Fincham did not object to the testimony as impermissible evidence of bad character under Rule 404(b) or as relevant evidence excludable as unduly prejudicial under Rule 403. Thus, because he failed to properly preserve his objection on these grounds, we review the admission for plain error. See Fed. R. Crim. P. 52(b); Fed. R. Evid. 103(a)(1) (requiring a "timely objection . . . stating the specific ground of the objection"); United States v. Chin, 83 F.3d 83, 87 (4th Cir. 1996).

We find that the admission of the testimony did not constitute plain error. The Government introduced the testimony in order to rehabilitate Rolando's credibility and to explain why Rolando's original identification was mistaken. Thus, the evidence was not introduced to prove Fincham's bad character, and Rule 404(b) is not applicable. See United States v. Grimmond, 137 F.3d 823, 832 (4th Cir. 1998), petition for cert. filed, ___ U.S. #6D6D 6D# (U.S. June 4, 1998) (No. 97-9416). Furthermore, although evidence of other crimes not charged is prejudicial, the jury acquitted Fincham of one of the two charges about which Rolando testified; thus, it appears that the testimony did not influence the jury. See id. Accordingly, Fincham's "substantial rights" were not unfairly prejudiced. See United States v. Olano, 507 U.S. 725, 732-36 (1993).

We affirm Fincham's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4